UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JOSEPH P. INGRAM

    Plaintiff,

V                                             CIVIL ACTION NO.

AUTO PALACE, INC.

    Defendant.                           OCTOBER 9, 2009

## COMPLAINT

**FIRST COUNT:**

1. This is an action for a declaratory judgement, a permanent injunction and damages for violation of the Motor Vehicle Cost and Information Act (Odometer Act) 49 U.S.C. § 3205 et seq. and for violation of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-105 et seq., and for violation of the Magnuson-Moss Warranty Act ("Magnuson-Moss"), 15 U.S.C. § 2301 et seq., and for violation of Md. Ann. Code § 2-608 Revocation of Acceptance, and for Common Law Fraud.

2. Jurisdiction is conferred on this Court by 49 U.S.C. § 32701 et seq. and 28 U.S.C. §§ 1331 and 1367.

3. Plaintiff is a resident of the Town of Cumberland and the State of Maryland.

4. Defendant Auto Palace, Inc., ("Palace"), is a foreign corporation with a place of business at 52-21 Northern Blvd, Woodside, New York, 11377.

5. On or about September 5, 2009, Plaintiff, via the Internet, entered into a consumer transaction with Palace to purchase a used 2008 Mitsubishi Lancer GTS ("The Vehicle or Vehicle") for personal, family or household use.

6. Plaintiff paid Palace $16,314 to purchase the Vehicle and financed that sum plus interest from a Maryland Credit Union and Palace shipped the Vehicle to Maryland.

7. Palace violated the Odometer Act in that this Defendant failed to issue either a title or an odometer statement to the Plaintiff or (B) provided an inaccurate odometer statement or (C) that the odometer reading differs from the provided odometer statement.

8. Palace failed to disclose the odometer reading on the proper title documents in violation of 49 U.S.C. § 580.5.

9. Palace has so acted with intend to defraud Plaintiff.

10. Plaintiff has been damaged.

**SECOND COUNT:**

11. The allegation of Paragraph No. 5 of the First Count are repeated as if fully set forth herein.

12. This Count is asserted under Magnuson-Moss for Palace's breach of Implied Warranty of Merchantability, Md. Ann. Code Uniform Commercial Code ("UCC") § 2-314.

13. The Vehicle, as sold to Plaintiff, would not pass in the trade under the description of a "Used" 2008 Mitsubishi Lancer.

14. The Vehicle was advertised as "excellent condition, great performance, low

mileage, (misspelling) not event, (wrong word usage) an scratch, Clean Carfax, . . .power seat, ... heated seats ... rear spoiler, ... front floor mats . . . ."

15. The Vehicle did **not** have a power seat nor heated seats nor front floor mats nor a rear spoiler.

16. The Vehicle had a damaged interior and cut wires hanging from the dash board.

17. The Vehicle's trunk contained a different VIN # than the VIN # on the dashboard.

18. The Vehicle's rim on the front wheel is bent.

19. The Vehicle was delivered into Maryland without a Catalytic Converter or 02 sensor and contains extreme after factory parts.

20. The Vehicle failed its inspection by the Maryland MVA and until repaired cannot be registered in the State of Maryland.

21. An authorized Mitsubishi Dealer in Hagerstown, MD has provided Plaintiff with a written estimate to place the Vehicle in condition to pass the Maryland MVA inspection for out of state vehicles at a cost of $8,129 and may go upward to $12,000.

22. Plaintiff has been damaged.

**THIRD COUNT:**

23. The allegations of Paragraph No. 5 of the First Count are repeated as if fully set forth herein.

24. Plaintiff provides notice to Palace of his revocation of Acceptance, pursuant to Md. Ann. Code, U.C.C. § 2-608, entitled Revocation of Acceptance as to the 2008

Mitsubishi Lancer GTS whose nonconformity of condition has substantially impaired the value of the Vehicle.

25. Plaintiff is entitled to his actual damages, and consequential damages.

**FOURTH COUNT:**

26. The allegations of Paragraph No. 5 of the First Count are repeated as if fully set forth herein.

27. Plaintiff, at time of purchase discussed with Palace if the condition of the Vehicle was of the standard that it advertised the Vehicle to be and Palace responded that it was.

28. Palace knew its statements made to Plaintiff were misrepresentations at the time Plaintiff inquired.

29. Palace intended that Plaintiff rely on its false representations.

30. Plaintiff did in fact rely on the representations made by Palace.

31. Plaintiff has been damaged in that the Vehicle was not in the condition that Palace had represented it to be.

**FIFTH COUNT:**

32. The allegations of Paragraph No 5 of the First Count are repeated as if fully set forth herein.

33. Palace is a "merchant" within the meaning of the Maryland Consumer Protection Act ("CPA") Comm. Law § 13-101(g) and is subject to all of the CPA's provisions prohibiting unfair or deceptive trade practices including those in Md. Ann.

Code Comm. §§ 13-401 and 13-303.

34. Palace's sale of the Vehicle without disclosing that the Vehicle would not pass Maryland's MVA inspection of out of state vehicles was deceptive, unfair and violated CPA.

35. As a result of the various after market parts on the Vehicle it is no longer under the manufacturer's warranty.

36. As a result of Palace's actions, Plaintiff has been damaged.

37. Palace's Warranty states "Outside invoice will be honored by the dealer" however, Palace is unwilling to honor an outside invoice.

**WHEREFORE: it is respectfully requested that this Honorable Court:**

1. Award Plaintiff treble damages (3 times actual damages) or $1,500 statutory damages, whichever is greater, costs and attorney fees on Count I.

2. Award Plaintiff actual damages and consequential damages, costs and attorney fees on Count II.

3. Award Plaintiff actual damages and special damages on Count III.

4. Award Plaintiff actual damages, consequential damages and in the discretion of the Court punitive damages on Count IV.

5. Award Plaintiff actual damages, consequential damages, costs and attorney fees on Count V.

6. Award Plaintiff such other or further relief, including the return of the Mitsubishi, return of all payments made by Plaintiff to Palace, money paid on the financing of the Vehicle and money paid or owed on the repair of the Vehicle and such other relief that the court deems just or equitable.

THE PLAINTIFF

BY ___/S/ Kennedy___
Bernard T. Kennedy
P.O. Box 657
Edgewater, MD 21037
Tel. (443) 607-8901
Fax. (443) 607-8903
Fed. Bar # MD 26843
Email- bernardtkennedy@yahoo.com